**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-1203

OYEBANJI MORONFOLU ADEOYE,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A93-003-052)

Argued: November 29, 2005               Decided: January 4, 2006

Before WILKINS, Chief Judge, DUNCAN, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Petition dismissed by unpublished per curiam opinion.

**ARGUED:** Joseph M. Kum, AMITY, KUM & SULEMAN, P.A., Greenbelt, Maryland, for Petitioner. Song E. Park, U. S. DEPARTMENT OF JUSTICE, Office of Immigration Litigation, Civil Division, Washington, D.C., for Respondent. **ON BRIEF:** Peter D. Keisler, Assistant Attorney General, Civil Division, M. Jocelyn Lopez Wright, Assistant Director, Office of Immigration Litigation, U. S. DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Oyebanji Moronfolu Adeoye seeks review of an order of the Board of Immigration Appeals (the Board) denying his motion to reconsider the earlier denial of a motion to reopen Adeoye's removal proceedings. Because we lack jurisdiction to consider Adeoye's claims, we dismiss the petition for review.

I.

Adeoye, a native and citizen of Nigeria, was admitted to the United States in 1983 as a nonimmigrant student. In 1993, Adeoye was convicted of theft in Maryland and sentenced to an 18-month suspended prison term. In 2002, an immigration judge determined that Adeoye was removable because, inter alia, he had been convicted of an aggravated felony after being admitted to the United States, see 8 U.S.C.A. § 1227(a)(2)(A)(iii) (West 1999); the immigration judge ordered Adeoye removed to Nigeria. Adeoye appealed the immigration judge's decision to the Board; while that appeal was pending, Adeoye moved to remand in order to apply for adjustment of status based on his marriage to a United States citizen. The Board dismissed Adeoye's appeal; further, the Board denied Adeoye's motion to remand, in part because he had failed to submit with the motion an application for adjustment of status or an application for waiver of inadmissibility. See 8 C.F.R. § 1003.2(c)(1) (2005) ("A motion to reopen proceedings for the

2

purpose of submitting an application for relief must be accompanied by the appropriate application for relief and all supporting documentation.").

Adeoye subsequently moved the Board to reopen his removal proceedings, again seeking a remand to allow him to apply for adjustment of status. Because Adeoye listed the wrong agency number on that motion, however, the motion was misfiled. Upon discovering this error, Adeoye refiled his motion to reopen, but the Board denied the motion as untimely. Adeoye moved the Board to reconsider that decision, explaining the original filing error. The Board granted Adeoye's motion to reconsider its untimeliness ruling, but nonetheless denied the motion to reopen because Adeoye had failed to submit an application for waiver of inadmissibility-- a document necessary to establish Adeoye's prima facie eligibility for the relief he sought. See id.

Adeoye then moved the Board to reconsider the denial of his motion to reopen, submitting along with the motion to reconsider an application for waiver of inadmissibility. The Board denied the motion, ruling that (1) it was procedurally barred and (2) reconsideration was not warranted because Adeoye had not shown that the Board had erred in denying his motion to reopen for failure to file an application for waiver of inadmissibility, and Adeoye's later filing of such an application did not "cure [the] defect in his earlier motion," J.A. 4.

3

Adeoye claims that the Board abused its discretion by denying his motion to reconsider the earlier decision denying his motion to reopen for failure to file an application for waiver of inadmissibility. See Yanez-Popp v. INS, 998 F.2d 231, 234 (4th Cir. 1993) (stating standard of review). The Government argues, however, that we lack jurisdiction to consider this claim. We agree.

The statute governing judicial review of removal orders provides that "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section ... 1227(a)(2)(A)(iii)." 8 U.S.C.A. § 1252(a)(2)(C) (West 1999). However, a recently enacted provision creates a limited exception to this jurisdictional bar: "Nothing in [§ 1252(a)(2)(C) or any similar provision restricting judicial review] shall be construed as precluding review of constitutional claims or questions of law" raised in a petition for review. 8 U.S.C.A. § 1252(a)(2)(D) (Westlaw 2005).

Here, Adeoye essentially argues that he demonstrated prima facie eligibility for the relief he sought--adjustment of status based on marriage--and therefore the refusal by the Board to reconsider its decision denying reopening based on his failure to submit an application for waiver of inadmissibility was overly

4

strict.  This claim, however, does not present constitutional or other legal issues but instead challenges the exercise by the Board of its discretionary authority.  <u>See</u> 8 C.F.R. § 1003.2(a) (2005) ("The decision to grant or deny a motion to reopen or reconsider is within the discretion of the Board."); <u>see also</u> <u>Ghosh v. Att'y Gen.</u>, 629 F.2d 987, 989 (4th Cir. 1980) ("It is not an abuse of discretion to deny a motion to reopen deportation proceedings when the motion is not supported by proper affidavits or other evidentiary material.").  We thus lack jurisdiction over Adeoye's petition for review.[*]


III.

For the reasons set forth above, we dismiss Adeoye's petition for review for lack of jurisdiction.

<u>PETITION DISMISSED</u>

---

[*]Adeoye contends that 8 C.F.R. § 1003.2(c)(1) is vague and produces arbitrary results.  Although this claim arguably may fall within the exception permitting review of constitutional and other legal questions, Adeoye concedes that he did not raise this claim before the Board.  Thus, we cannot consider it.  <u>See</u> <u>Stewart v. INS</u>, 181 F.3d 587, 595-96 (4th Cir. 1999).  And, even if we could consider this claim, we would conclude that it lacks merit.

5